IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CV-582-BO

JOE HAND PROMOTIONS, INC.,           )
                                     )
            Plaintiff,               )
                                     )
v.                                   )           O R D E R
                                     )
COACHES SPORTS BAR AND CLIFF DILLON, )
                                     )
            Defendants.              )

This matter is before the Court on Plaintiff's Motion for Default Judgment [DE 11],

pursuant to Federal Rule of Civil Procedure 55 (b)(2). Finding that willful violations of section

605 entitle Plaintiff to statutory damages, the Court AWARDS damages in the amount of

$6,000.00, as well as attorneys' fees and costs.

## BACKGROUND

Joe Hand is an international distributor of sports and entertainment programming. Its

business requires that it enter into sublicensing agreements with commercial entities throughout

North America, granting limited public exhibition rights to its programming. By contract, it

purchased territorial rights to broadcast the Ultimate Fighting Championship 92 ("Program") on

December 27, 2008. The Program was encrypted and made available only to sublicensed entities.

On December 21, 2010, Joe Hand filed the instant lawsuit against Coaches Sports Bar

("Coaches") and Cliff Dillon, alleging that they unlawfully intercepted and intentionally

broadcasted the Program at Coaches for the purpose of direct or indirect commercial advantage,

in violation of Sections 605 and 553 of Title 47. The complaint also included a pendent state law

claim for conversion.

Defendants filed a Motion for Extension of Time [DE 7] to respond to the complaint, which was granted on January 28, 2011 [DE 8]. Defendants have failed to file any responsive pleadings or motions after that date. As a result, the Court entered default on June 28, 2011 and now enters default judgment, based on the affidavits and supporting memoranda provided by Joe Hand [DE 11, 13].

## DISCUSSION

For a default judgment, well-pleaded factual allegations are sufficient to establish a defendant's liability. Fed. R. Civ. P. 55 (a); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). However, the allegations of the complaint regarding the amount of damages suffered are not controlling. *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D.Md. 2005). Therefore, while Joe Hand asks for damages in the amount of $100,000 against Coaches and $100,000 against Cliff Dillon, as well as $1,425 in attorneys' fees and costs, such a request is not dispositive.

Although Joe Hand seeks damages from each Defendant, it has not pleaded any allegations against Mr. Dillon. Apart from stating that Mr. Dillon is the principal of Coaches, the complaint does not mention him. Absent allegations that he authorized, directed, or supervised the illegal interception, Joe Hand cannot establish Mr. Dillon's individual liability. *See Joe Hand Promotions, Inc. v. Phillips*, No. 06 Civ. 3624(BSJ)(JCF), 2007 WL 2030285, at *3 (S.D.N.Y. July 16, 2007); *Kingvision Pay-Per-View, Ltd. v. Las Reynas Rest., Inc.*, No. 4:07-CV-67-D, 2007 WL 2700008, at *1 (E.D.N.C. Sept. 11, 2007). Therefore, the Court awards damages only against Coaches.

Based on the pleadings, Coaches is liable for conduct that violates 47 U.S.C. § 605. Joe Hand claims that it is entitled to damages under both under 47 U.S.C. § 605 and 47 U.S.C. § 553.

According to the complaint, Joe Hand's broadcast was intercepted via satellite, bringing the violation within the ambit of section 605. Joe Hand does not appear to assert that cable communications were implicated in either its initial transmission or in interception by Coaches. Therefore, the Court does not award relief under section 553, which prohibits interception of "communications service offered over a cable system." 47 U.S.C. § 553 (a)(1). Even if a proper claim were made under section 553, where defendants have defaulted and courts have found liability under both section 605 and section 553, damages are usually awarded only under section 605. *See, e.g., Las Reynas Rest.*, 2007 WL 2700008, at *1; *Kingvision Pay-Per-View, Ltd. Corp. v. New Paradise Rest.*, No. 99 Civ. 10020WHPAJP, 2000 WL 378053, at *2 (S.D.N.Y. Apr. 11, 2000).

Section 605 prohibits unauthorized individuals from intercepting "radio communication" and divulging or publishing the "existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person." 47 U.S.C. § 605 (a). An aggrieved party is entitled to actual damages or statutory damages. 47 U.S.C. § 605 (e)(3)(C)(i). Statutory damages may be awarded in a sum of not less than $1,000 or more than $10,000, as the court considers just. 47 U.S.C. § 605 (e)(3)(C)(i)(II). Violations that are willful and for purposes of direct or indirect commercial advantage or private financial gain may also, in the court's discretion, be subject to an enhancement of up to $100,000 in damages. 47 U.S.C. § 605 (e)(3)(C)(ii).

At Plaintiff Joe Hand's election, and because actual damages would be impossible to calculate, given the unresponsiveness of Defendants, the Court will award statutory damages in its discretion. Courts in this circuit have used two approaches to exercising their discretion in awarding damages. The first approach involves multiplying a certain amount by either the

number of patrons observed in the defendant's establishment at the time the program was shown or by the maximum occupancy of the establishment. *Joe Hand Promotions, Inc. v. Bougie, Inc.*, Civ. No. 109-00590, 2010 WL 1790973, at *5 (E.D.Va. Apr. 12, 2010) (patrons present); *Kingvision Pay-Per-View, Ltd. v. Admiral's Anchor, Inc. No. 2*, 172 F. Supp. 2d 810, 812 (S.D.W.Va. 2001) (maximum occupancy); *Entm't by J & J, Inc. v. Gridiron, Inc.*, 232 F. Supp. 2d 679, 681 (S.D.W. Va. 2001) (maximum occupancy). The second approach is to award a flat sum per violation. *J.R. 'Z Neighborhood Sports Grille*, No. 2:09-03141-DCN-RSC, 2010 WL 1838432, at *1 (D.S.C. Apr. 5, 2010) ($5,000); *Joe Hand Promotions, Inc. v. Angry Ales, Inc.*, No. 3:06cv73, 2007 WL 3226451, at *5 (W.D.N.C. Oct. 29, 2007) ($1,000); *Kingvision Pay-Per-View, Ltd. v. Gadson*, Civ. No. 1:04-678, 2007 WL 2746780, at *2 (M.D.N.C. Sept. 18, 2007) ($10,000); *Las Reynas Rest.*, 2007 WL 2700008, at *3 ($2,000).

Reviewing these methodologies for calculating damages, the Court finds that awarding a flat rate of damages, linked to the maximum occupancy of the establishment and the egregiousness of the violation, is most consistent with the aims of the statute and with the quantum of harm actually suffered by Joe Hand. Section 605 provides that when a court awards statutory damages, it seeks to fashion a damages award that it considers "just." 47 U.S.C. § 605 (e)(3)(C)(i)(II). Although these calculations are speculative, "some speculation with respect to damages is permissible where, as here, a defendant's default has prevented damages from being computed with greater certainty." *King Vision Pay-Per View, Ltd. v. Arnoat*, No. 06 Civ. 4811(RPP), 2007 WL 2076632, at *6 (S.D.N.Y. July 13, 2007).

Joe Hand calculates rates for its legally-acquired contracts based on maximum occupancy, as noted in the attached "rate card." The rate card describes the prices charged for a lawful sublicensing agreement based on the capacity of the bar or entity wishing to broadcast the

Program. According to the rate card and the investigator's report, Coaches would have paid $875 to broadcast the Program lawfully [DE 11-1 at 10].

Absent any indication of aggravating factors, such as repeated violations over an extended period of time or substantial unlawful monetary gains, this Court holds that awarding the statutory maximum of damages would be excessive and out of line with awards in similar cases.

As to enhancement, there is no question that Coaches intercepted and broadcasted the Program willfully, and for direct or indirect commercial advantage. Joe Hand alleges that the Program was encrypted and made available only to its paying customers. It is highly unlikely that Defendants could have accidentally received the Program.

In light of the circumstances, and consistent with the deterrence goal of section 605, the Court awards statutory damages of $2000.00 and multiplies that amount by a willfulness factor of three for total damages of $6000.00 against Coaches.

Because Joe Hand provided an itemized list of attorney's fees, detailing the actual time expended by task, and the hourly rate charged, it is entitled to recover these reasonable attorneys' fees and court costs by right under section 605. 47 U.S.C. § 605 (e)(3)(B)(iii).

## CONCLUSION

Based on the foregoing, Plaintiff's Motion for Default Judgment is GRANTED. The Clerk of Court is DIRECTED to enter a judgment against Defendant Coaches in the amount of $6,000.00. In addition, attorneys' fees are awarded to Plaintiff Joe Hand in the amount of $1,425.00. Costs are awarded to Plaintiff Joe Hand in the amount of $508.00.

SO ORDERED, this the 19 day of September, 2011.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE